UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ooooooooooooooooooooooooooooooooooooooooooooooo

**DONOVAN COLEMAN,**

                               **Petitioner,**

             **vs.**                             **9:02-CV-1266 (NAM)**

**HAROLD McKINNEY, Superintendent of Mt. McGregor
Correctional Facility; UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,**

                               **Respondents.**

ooooooooooooooooooooooooooooooooooooooooooooooo

APPEARANCES:
DONOVAN COLEMAN
Mid-Orange Correctional Facility
900 King's Highway
Warwick, New York 10990
Petitioner, *pro se*

HON. GLENN SUDDABY
United States Attorney, Northern District of New York
JAMES W. GRABLE, ESQ.,
Special Assistant United States Attorney
P.O. Box 7198
Syracuse, New York 13261

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

      Petitioner, an inmate in the custody of the New York State Department of Correctional Services, seeks habeas corpus review under 28 U.S.C. § 2241 of a deportation order of respondent Department of Homeland Security ("DHS") (formerly Immigration and Naturalization Service, or "INS"). Petitioner's application was referred to United States Magistrate Judge David E. Peebles for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of those parts of a magistrate judge's report-recommendation to which a party specifically objects. Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-*3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report-recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

## BACKGROUND

Petitioner, a native and citizen of Jamaica, was admitted to the United States as a lawful permanent resident alien on February 2, 1979. On January 16, 2002, while petitioner was in state custody, INS (now DHS) commenced a removal proceeding against him based on a 1985 conviction upon a guilty plea to attempted criminal sale of marijuana. On April 30, 2002, the removal petition was amended to add as an additional ground petitioner's conviction on October 27, 1992, after a jury trial, for attempted murder, second degree, an aggravated felony.

On April 30, 2002, after a hearing, the Immigration Judge concluded that petitioner was subject to removal by reason of both convictions. The judge further denied discretionary relief from deportation. The Bureau of Immigration Appeals dismissed petitioner's appeal on September 12, 2002.

In his Report and Recommendation, Magistrate Judge Peebles recommends dismissal of the petition. In his objection to the Report and Recommendation, petitioner disputes only two issues: (1) the timing of the removal proceedings and (2) denial of consideration for discretionary relief from removal. Accordingly, the Court addresses these two issues *de novo*.

## DISCUSSION

**Timing of the Commencement of Removal Proceedings**

Magistrate Judge Peebles concludes that this Court lacks jurisdiction to address petitioner's claim that his due process rights were violated because of the eleven-year gap between his arrest on the charge resulting in the attempted murder conviction, and the commencement of the INS removal proceeding. As Magistrate Judge Peebles states, "it is clear that [petitioner's] first ground challenges the decision of the Attorney General as to the timing of removal proceedings against him." Section 242(g) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 provides for judicial review of orders of removal but expressly provides that courts lack jurisdiction to review the Attorney General's "decision or action" to "commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g)[1]; *see Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). This Court agrees with Magistrate Judge Peebles that petitioner's claim is essentially a challenge to the government's discretionary decision to commence the proceeding; accordingly, the Court lacks jurisdiction. *See, e.g., Batista v. McElroy*, 2004 WL 1658380, *8, n.13 (S.D.N.Y. 2004).

**Denial of Consideration for Discretionary Relief from Removal**

In his objection, petitioner argues that the doctrines of laches and/or estoppel should be applied to relieve him of the alleged inequity arising from the fact that the government's delay in commencing the deportation proceeding deprived him of the benefit of section 212(c), 8 U.S.C.

---

[1] Section 242, 8 U.S.C. § 1252(g), "Exclusive jurisdiction," provides:
> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

§ 1182(c), which afforded discretion to INS to waive removal in limited circumstances. Section 212(c) was repealed in 1996.

Petitioner contends that despite its repeal in 1996, section 212(c) should have been applied to afford him discretionary relief in his 2002 removal proceeding, citing *Immigration and Naturalization Serv. v. St. Cyr*, 533 U.S. 289 (2001). In *St. Cyr*, an alien pleaded guilty to an aggravated felony while section 212(c) was still in effect. By the time of his removal proceeding, however, section 212(c) had been repealed. The Supreme Court noted that the plea agreement was likely facilitated by the alien's expectation that he would be eligible for a discretionary waiver of deportation under section 212(c); thus, retroactive elimination of the possibility of such relief would be contrary to "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Id.* at 323-24 (quoting *Landgraf v. U.S.A. Film Prods.*, 511 U.S. 244, 270 (1994)). The *St. Cyr* court concluded that, even after its repeal, section 212(c) should be available to aliens whose convictions were obtained through plea agreements and who would have been eligible for section 212(c) relief at the time of their plea under the law then in effect. *See id.* at 326.

In contrast, in the case at bar, petitioner's attempted murder conviction in 1992 resulted from a jury trial, not a guilty plea. Accordingly, the rationale in *St. Cyr* does not apply. *See Thom v. Ashcroft,* 369 F.3d 158, 161-62 (2d Cir. 2004); *Rankine v. Reno*, 319 F.3d 93, 99-100 (2d Cir. 2003), *cert. denied*, *Lawrence v. Ashcroft*, 540 U.S. 910 (2003).

Moreover, as Magistrate Judge Peebles points out, section 212(c) relief would not have been available to petitioner in any event, because he had been convicted of an aggravated felony and had served a term of imprisonment of at least five years as of the date of the removal order

in 2002.  Under section 212(c), an alien who has "been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" is precluded from seeking a discretionary waiver of deportability.  *See Buitrago-Cuesta v. I.N.S.*, 7 F.3d 291 (2d Cir. 1993).

## CONCLUSION

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David E. Peebles is adopted in its entirety; and it is further

ORDERED that the petition is denied and dismissed.

IT IS SO ORDERED.

April 6, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge